UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LELAND FOSTER**,<br><br>Plaintiff,<br>v.<br><br>**TEVKO INVESTMENTS, LTD.,** an Ohio limited liability company<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:19-cv-2494<br><br>Judge<br><br>Magistrate Judge |

---

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendant for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

**5.** Defendant **TEVKO INVESTMENTS, LTD.**, upon information and belief, owns the property located at 205 Farnsworth Rd., Waterville, OH 43566 in Lucas County, Ohio, which is a shopping center known as "Peddlers' Alley." Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the facility owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's shopping center is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Foster is a Fulton County, Ohio resident and frequents the parks, restaurants, shopping centers, businesses and establishments of Lucas County and surrounding area, including the Defendant's property that form the subject of this complaint.

9. On September 21, 2019, Plaintiff patronized businesses at the Defendant's property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the shopping center, encountered barriers to access at the shopping center, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the shopping center owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Parking and Accessible Routes:

A. Designated accessible parking lacks required signage, in violation of the ADA whose remedy is readily achievable.

B. Many of the retail entrances and restroom entrances have thresholds that far exceed the ½ inch requirement, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services:

C. Door handles throughout the shopping center require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

D. May of the retail entrances lack required maneuvering clearance at the latch side of the doors, in violation of the ADA whose remedy is readily achievable.

Cocina de Carlos

E. There is not at least 5% of designated accessible dining surfaces in the restaurant due to fixed booths and high top tables, in violation of the ADA whose remedy is readily achievable.

F. There is no lowered portion of the bar for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

Peddlers' Alley public restrooms

G. The men's and women's restrooms lack required signage including the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

H. The men's restroom lacks the required maneuvering clearance at the latch side to exit the restroom, in violation of the ADA whose remedy is readily achievable.

I. The urinal inside the men's restroom is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

J. The coat hook inside the men's room toilet compartment is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

K. The toilet compartment door in the men's room is not self-closing, requires tight grasping or twisting to operate, swings into the clear floor space around the water closet, and does not have door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

L. The men's restroom toilet compartment lacks required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

M. The men's restroom accessible toilet compartment has a water closet with flush control that is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

N. The men's restroom toilet paper dispenser not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

O. The men's restroom toilet compartment entirely lacks grab bars, in violation of the ADA whose remedy is readily achievable.

P. The men's restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

Q. The men's restroom contains amenities, including a soap dispenser, whose operable parts exceed 48 inches in reach range above the finish floor, in violation of the ADA whose remedy is readily achievable.

R. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

S. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The shopping center at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping center accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility,

including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 et seq.**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendant's acts are willful, severe and ongoing. WHEREAS, since purchasing the property in 2003, Defendant has not made any noticeable effort to remedy the multitude of barriers to accessibility at the facility.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com